UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TOSHIHIRO YAMAMOTO,**<br>    Plaintiff,<br><br>v.<br><br>**OFFICE OF INSPECTOR GENERAL, et al.,**<br>    Defendants. | **Case No. 2:24-cv-616-CLM** |

## MEMORANDUM OPINION

Pro se plaintiff Toshihiro Yamamoto sues the Office of Inspector General, Social Security Administration ("SSA"), SSA Disability Determination Services ("DDS"), Caseworker Allison Claunch, UAB Disability Review Doctor, Special Agent Valaine Maxey, Attorney Rylee Davis, Macey Barnett, Phil Keigler, and Kevin Huse asserting that they've engaged in systemic racism, violated his constitutional rights, and defamed his character. Yamamoto also moves for leave to proceed in forma pauperis ("IFP") (docs. 2, 4, 8). So after screening Yamamoto's original complaint (doc. 1) under 28 U.S.C. § 1915, the court deferred ruling on Yamamoto's IFP motions (doc. 2, 4, 8) and ordered Yamamoto to amend his complaint by fixing the pleading deficiencies identified in the court's order. (Doc. 9).

Yamamoto timely filed an amended complaint (doc. 10). For the reasons stated below, the court finds that Yamamoto's amended complaint still fails to state a claim upon which relief may be granted. So while Yamamoto is indigent and the court will thus **GRANT** his motions for leave to proceed in forma pauperis (docs. 2, 4, 8). the court will **DISMISS** this case **WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e). The court will also **DENY** Yamamoto's requests for the appointment of counsel.

## BACKGROUND

It appears from Yamamoto's original and amended complaint that the SSA's Office of Inspector General is investigating whether Yamamoto has committed fraud in either seeking or receiving Supplemental Security Income ("SSI") benefits. Yamamoto says that these allegations lack merit and asserts that Defendants have engaged in systemic racism, violated his rights under the Due Process Clause, obstructed an investigation, and defamed his character.

*1. Allegations in Amended Complaint*: According to Yamamoto's amended complaint, he has not acted fraudulently. (Doc. 10, p. 6). Instead, Yamamoto was never seeking SSI benefit payments and back payments for work related physical limitations but was asked to see Dr. Robert Kline for a psychological evaluation. (*Id.*, p. 5). Though Yamamoto does suffer from several physical impairments, including nerve pain, joint pain, musculoskeletal/tendon problems, rheumatoid arthritis, congenital kidney disease, lower back pain, migraine headaches, and neurological damage. (*Id.*, pp. 6–7). Yamamoto also says that he was in a coma for 10 days and hospitalized for 31 days. (*Id.*, p. 7). So Yamamoto had to "learn how to walk, eat and drink all over again." (*Id.*).

Yamamoto sought counsel from Alexander Shunnarah attorney Rylee Davis. (*Id.*). According to Yamamoto, Davis lied about Yamamoto calling him and knew that they were opening an investigation rather than providing Yamamoto with due process for his lawsuit. (*Id.*). Davis's assistant, Macy Barnette, was also yelling at a meeting with Yamamoto while smirking. (*Id.*). Finally, Davis, Barnette, and other Alexander Shunnarah employees were rude to Yamamoto's mom and failed to treat her with dignity or respect. (*Id.*).

For relief, Yamamoto demands that his SSI benefits be reinstated. (*Id.*). Yamamoto also seeks monetary relief in excess of $100,000.00 to compensate him for pain and suffering, mental anguish, civil rights and constitutional rights violations, political conspiracy, systemic racism, and defamation of character. (*Id.*).

*2. Procedural history*: Yamamoto's original complaint included nearly identical allegations to the allegations discussed above. In the court's screening order, the court explained to Yamamoto that as pleaded his allegations failed to establish (a) that the court had jurisdiction over his claims, or (b) that he had stated a claim for which relief could be granted. So the court ordered Yamamoto to amend his complaint and explained that failing to adequately address the pleading deficiencies that the court identified would lead to dismissal of this case. (Doc. 9, p. 6).

## ANALYSIS

*1. Jurisdiction*: Unlike Yamamoto's original complaint, Yamamoto's amended complaint shows that this court has subject matter jurisdiction over his claims. Yamamoto says that he sues Defendants under 42 U.S.C. § 1983 for violating his Due Process Clause rights and under the Civil Rights Act for engaging in systemic racism. (Doc. 10, pp. 1, 5). So Yamamoto pleads colorable claims of violations of federal law, and this court has federal question jurisdiction over Yamamoto's federal law claims. *See* 28 U.S.C. § 1331. Any state-law claims Yamamoto brings, including claims for defamation, arise from the same transaction or occurrence as Yamamoto's federal law claims. So the court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

*2. Failure to state a claim*: But having reviewed Yamamoto's amended complaint, the court finds that it too fails to state a claim upon which relief may be granted. As the court explained in its screening order, the *Federal Rules of Civil Procedure* govern Yamamoto's complaint, so he needed to separate his allegations into counts that included no more than one discrete claim for relief. Yamamoto also needed to identify which Defendants he was bringing each claim against.

Yamamoto's amended complaint doesn't meet these requirements. Rather than separating his claims into discrete counts, Yamamoto lists all his allegations in a single "Statement of Claim" and fails to connect his allegations to the elements of the federal and state-law claims he asserts. (Doc. 10, pp. 5–6). Plus, while Yamamoto says that all Defendants violated his constitutional rights, Defamation of Character, and FERPA rights

3

Yamamoto doesn't explain how each Defendant contributed to his alleged injuries.

Nor did Yamamoto follow the court's specific instructions on how to plead a defamation or race discrimination claim. As the court's screening order explained, to state a claim for defamation, Yamamoto needed to allege (a) who made the allegedly defamatory statement, (b) what the statement was, (c) why the statement is false, and (d) who the allegedly defamatory statement was made to. And to state a claim for race discrimination, Yamamoto must explain (a) his race, (b) who discriminated against him, (c) how he was treated differently than those of another race, and (d) why he believes this differential treatment was intentional. Yamamoto's amended complaint includes none of these facts necessary to state a claim of defamation or race discrimination.

The court warned Yamamoto that if his amended complaint didn't comply with these pleading requirements, the court would dismiss his case. So the court will dismiss Yamamoto's complaint without prejudice under 28 U.S.C. § 1915(e).

*3. Appointment of counsel*: Yamamoto also seeks the appointment of counsel (doc. 8, pp. 1, 3–4) and asks the court to allow Attorney Bob Cornelius or a colleague to file a Second Amended Complaint if the court finds Yamamoto's amended complaint deficient (doc. 10, p. 1). The court **DENIES** Yamamoto's motion for appointment of counsel. There is no constitutional right to counsel in a civil case. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). And the court "should appoint counsel only in exceptional circumstances." *Id.* "The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgro v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

The issues raised by Yamamoto aren't so novel or complex as to warrant the appointment of counsel. So the court **DENIES** Yamamoto's motion for appointment of counsel.

The court will also not keep this case open to allow Attorney Cornelius or his colleagues to file a Second Amended Complaint. But the court's dismissal of Yamamoto's claims will be without prejudice. Thus, the court's dismissal of Yamamoto's claims doesn't prevent him from hiring an attorney to file a new action against Defendants.

## CONCLUSION

For these reasons, the court will **GRANT** Yamamoto's motions for leave to proceed in forma pauperis (docs. 2, 4, 8), **DISMISS** this case **WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e), and **DENY** Yamamoto's requests for the appointment of counsel.

**Done** and **Ordered** on February 10, 2025.

*[signature]*

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE